**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL I INC. TRUST 2002-AM3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-AM3,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 5:23-cv-708** |
| **CHERYL ALLEN EMERSON, INDIVIDUALLY AND IN HER CAPACITY AS INDEPENDENT EXECUTOR OF THE ESTATE OF IDA KIRBY ALLEN., AND JOHN ALLEN,** | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Dean Witter Capital I Inc. Trust 2002-AM3 Mortgage Pass-Through Certificates, Series 2002-AM3 ("Plaintiff" or "Deutsche Bank") files this *Plaintiff's Original Complaint* against Cheryl Allen Emerson, Individually and in her capacity as Independent Executor of the Estate of Ida Kirby Allen, and John Allen ("Defendants") and respectfully shows unto the Court as follows:

**I. PARTIES**

1. Plaintiff appears through the undersigned counsel.

2. Ida Kirby Allen a/k/a Ida K. Allen ("Decedent") was a borrower under the subject Loan Agreement. Decedent passed away on or about September 29, 2014. A probate proceeding was opened for Ida Kirby Allen in the Probate Court of Bexar County, Texas ("the Probate Court") as Cause Number 2018PC3542 on September 29, 2018. On October 29, 2018, the Probate Court

signed an *Order Probating Will and Authorizing Letters Testamentary* (the "Probate Order"), appointing Defendant Cheryl Allen Emerson as Independent Executor of the Estate Ida Kirby Allen, Deceased. A true and correct copy of the Probate Order is attached hereto as **Exhibit A**. "Under the Texas Estates Code, a 'personal representative' is defined as an executor or administrator, or a successor thereof." *Turk v. Mangum*, 268 F. Supp. 3d 928, 935 (S.D. Tex. 2017) (citing Tex. Est. Code § 22.031). The personal representative of a decedent's estate has the capacity to sue or be sued on behalf of the estate. *See Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016). Therefore, Plaintiff brings this action against Defendant Cheryl Allen Emerson in her capacity as Independent Executor of the Estate of Ida Kirby Allen, Deceased. Defendant Cheryl Allen Emerson, Independent Executor of the Estate of Ida Kirby Allen, Deceased, may be served with process at 7819 Quirt Drive, San Antonio, Texas 78227. Summons is requested.

3. Defendant John Allen is an heir and son of Decedent. Defendant John Allen may be served with process at 7819 Quirt Drive, San Antonio, Texas 78227 or at any other place where he may be found. Summons is requested.

4. Defendant Cheryl Allen Emerson is an heir and daughter of Decedent. Defendant Cheryl Allen Emerson may be served with process at 7819 Quirt Drive, San Antonio, Texas 78227 or at any other place where she may be found. Summons is requested.

## II. PROPERTY

5. This proceeding concerns the real property and improvements commonly known as 7819 Quirt Drive, San Antonio, Texas 78227 and more particularly described as:

> LOT 16, BLOCK 47, NEW CITY BLOCK 15487, LACKLAND TERRACE SUBDIVISION, UNIT 10, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 4900, PAGE 17, DEED AND PLAT RECORDS, BEXAR COUNTY, TEXAS.

(The "Property").

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

7. Plaintiff, Deutsche Bank, is the trustee of a mortgage-securitization trust. When determining the citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp. 2d 261, 263 (S.D.N.Y. 2008). Plaintiff is a national banking association which is chartered and has its main office in New York. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006). Therefore, Plaintiff is a citizen of New York for diversity purposes.

8. Defendants are individuals and residents of the state of Texas.

9. In this suit Plaintiff seeks a declaratory judgment to establish a statutory probate lien and to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

10. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

11. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Bexar County Appraisal District values the Property at $174,470.00 in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

12. Venue is proper in the Western District of Texas, San Antonio Division because this suit concerns title to real property located in Bexar County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

## IV. SUMMARY OF FACTS

13. The foregoing paragraphs are incorporated by reference for all purposes.

14. On May 31, 2022, Decedent ("Borrower") executed a *Texas Home Equity Adjustable Rate Note (Fixed Rate – First Lien)* (the "Note") in the principal amount of $51,200.00 at an annual interest rate of 7.990% and originally payable to Aames Funding Corp., dba Aames

Home Loan ("Aames"). A true and correct copy of the Note is attached hereto as **Exhibit B**.

15. Concurrently with the execution of the Note, Borrowers executed a *Texas Home Equity Security Instrument (First Lien)* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantor, granting Aames, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Bexar County Texas, on June 7, 2002, under Instrument No. 20020345132. A true and correct copy of the Security Instrument is attached hereto as **Exhibit C**.

16. The Note was indorsed in blank by Aames, and there have been no other indorsements or allonges. Plaintiff has physical possession of the Note and is the current owner of the Note. Plaintiff is the current holder and legal owner of the Note and beneficiary of the Security Instrument. Plaintiff is also a *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4). *See* Exhibit B.

17. Decedent passed away on September 29, 2004. On October 29, 2018, the Probate Court appointed Defendant Cheryl Allen Emerson (the "Executor") as Independent Executor of the Estate of Ida Kirby Allen, Deceased. *See* Exhibit A. The Probate Order specifies "that no other action shall be had in this Court other than the return of an Inventory, Appraisement and List of Claims, or an affidavit in lieu of the Inventory, Appraisement, and List of Claims, as required by law and the notice to distributes required by Section 308.001 et seq. of the Texas Estates Code." *Id.*

18. Under the terms of the Loan Agreement, Borrower was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable fees and charges due under the Note.

19. The Loan Agreement further provides that should Borrower fail to make payments

on the Note as they became due and payable or fail to comply with any or all of the covenant and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

20. The Loan Agreement is currently due for the January 1, 2020 payment and all subsequent monthly payments. A *Notice of Default* (the "Notice of Default") was served in accordance with the Loan Agreement and the Texas Property Code on June 16, 2022. A true and correct copy of the Notice of Default is attached hereto as **Exhibit D**.

21. The default was not cured, and the maturity date was accelerated on August 8, 2022, when a *Notice of Acceleration of Loan Maturity* (the "Notice of Acceleration") was served in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Acceleration is attached hereto as **Exhibit E.**

22. In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest again the Property.

23. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V. CAUSES OF ACTION

### A. DECLARATORY JUDGMENT

29. The foregoing paragraphs are incorporated by reference for all purposes.

30. Deutsche Bank has standing to enforce the Security Instrument as holder and owner of the Note. *Hardaway v. Select Portfolio Servicing, Inc.*, No. 4:18-CV-1062, 2020 U.S. Dist.

LEXIS 63172 at *8 (S.D. Tex. Apr. 10, 2020) (citing *Everbank v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 541 (Tex. App.—Houston [14th Dist.] 2016, no pet.))

31. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code §51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

**B. STATUTORY PROBATE LIEN**

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in*

> *each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

34. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

**C. NON-JUDICIAL FORECLOSURE**

35. The foregoing paragraphs are incorporated by reference for all purposes.

36. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired the Property subject to Decedent's debts.

**D. PUBLIC AUCTION**

37. The foregoing paragraphs are incorporated by reference for all purposes.

38. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendant, a public auction of the Property would be the most expedient means to put the Property

back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

**E. JUDICIAL FORECLOSURE**

39. The foregoing paragraphs are incorporated by reference for all purposes.

40. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

41. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Harris County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

**F. TRESPASS TO TRY TITLE**

41. The foregoing paragraphs are incorporated by reference for all purposes.

42. Concurrent with Plaintiff acquiring all of Defendants' right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure—Plaintiff seeks a declaration and judgment that the Defendants are divested of all of their right, title and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

**G. WRIT OF POSSESSION**

43. The foregoing paragraphs are incorporated by reference for all purposes.

44. If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

**H. ATTORNEYS FEES**

45. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code § 38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

**PRAYER**

For these reasons, Plaintiff requests that Defendants be cited to appear and answer and that, upon final hearing, the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument, and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that due to a breach of the Loan Agreement, Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit; *and*

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*

**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**SARAH SIBLEY COX**
State Bar No. 24043439
scox@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**